## WASHINGTON COUNTY.

---

### ROBERT SIMPSON *vs.* JOHN R. WILCOX, Deputy Sheriff.

Public Statutes R. I. cap. 235, § 3, requires the officer before serving a writ of replevin to take a bond conditioned "to pay such damages and costs as the defendant shall recover." A bond taken omitted the word "damages."

*Held,* that the bond was not amendable and that the replevin proceeding must be dismissed.

REPLEVIN. On motion to dismiss.

*Providence, October* 29, 1892. PER CURIAM. The defendant moves to dismiss this suit, which is an action of replevin, because of a defect in the bond taken by the sheriff before service of the writ, which defect the defendant contends cannot be amended.

Pub. Stat. R. I. cap. 235, § 3, requires that the officer charged with the service of a writ of replevin, shall before serving it take from the plaintiff, or some one in his behalf, a bond conditioned, among other things, "to pay such damages and costs as the defendant shall recover against him." The condition of the bond taken in the present instance omits the word "damages." This omission constitutes the defect which is the basis of the defendant's motion.

The plaintiff contends that the defect is amendable and cites cases from the reports of several States in which similar defects were allowed to be amended. The question, however,

whether such a defect can be amended in this State was before the court in *Whitford, Sanders & Co.* v. *Goodwin*, 13 R. I. 145, and it was held that the bond could not be amended under Gen. Stat. R. I. cap. 224, § 4, reënacted in Pub. Stat. R. I. cap. 235, § 4, that provision being applicable only in favor of the defendant and on his motion; nor under Gen. Stat. R. I. cap. 199, § 4, reënacted in Pub. Stat. R. I. cap. 210, § 4, permitting amendments of process, &c., because the bond could not be regarded as a part of the process, but only as collateral to it. And see, also, *Smith* v. *Fisher*, 13 R. I. 624, in which it was held that a valid bond is a prerequisite to valid service of the writ. These cases must be regarded as settling the law in this State. We, therefore, sustain the defendant's motion to dismiss.

*Motion granted.*

*Frederic C. Olney*, for plaintiff.
*Albert B. Crafts*, for defendant.